# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO KEMP, | Civil Action No. 12 – 99 |
| Petitioner, | |
| v. | District Judge Mark R. Hornak |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| BRIAN THOMPSON, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Alonzo Kemp (ECF No. 4) be dismissed without prejudice and that a certificate of appealability not be granted.

**II.    REPORT**

Petitioner, Alonzo Kemp, a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Mercer (SCI-Mercer), has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.) Respondents filed an Answer to the habeas petition (ECF No. 12), and thereafter, Petitioner filed a Reply to the Answer (ECF No. 13). As discussed hereinafter, the undersigned finds, and Petitioner does not dispute, that the habeas petition should be dismissed without prejudice as premature because Petitioner's direct appeal remains pending before the Pennsylvania Superior Court and he has not yet exhausted his state court remedies.

A.  **Relevant Procedural History**

Petitioner was charged with vehicle violations along with three counts, each, of possession of a controlled substance with the intent to deliver and possession of a controlled substance.  (ECF No. 12-1 at 3.)  The Information was filed in the Court of Common Pleas of Allegheny County on February 17, 2010.  Id. at 6.  Following a jury trial held on November 29 and 30, 2011, Petitioner was found guilty of all counts except one count of possession with the intent to deliver, which was withdrawn by the Commonwealth.  Id. at 5, 8.  Thereafter, on March 12, 2012, Petitioner was sentenced to an aggregate three to six year term incarceration to be followed by seven years of probation.  Id. at 4-5, 9.  Petitioner filed his notice of appeal to the Pennsylvania Superior Court on March 30, 2012.  Id. at 9.  The appeal remains pending in the Pennsylvania Superior Court.  Superior Court Case No. 775 WDA 2012.  Petitioner initiated the instant habeas action on January 30, 2012.  (ECF No. 1.)

B.  **Time Period for Filing Federal Habeas Corpus Petitions**

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  Pursuant to the AEDPA, Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In this instant case, Petitioner's state court judgment has not yet become final for purposes of triggering the one-year period under section 2244(d)(1)(A). Moreover, it does not appear that sections 2244(d)(1)(B)-(D) are applicable to Petitioner's situation. Thus, consideration of the instant habeas petition is premature.

**C. Exhaustion**

Moreover, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *see also* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *see also* Castille v. Peoples, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state

prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); *see also* O'Sullivan, 526 U.S. at 842-49. The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. at 251. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 214 (1950). *See* Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted). "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedy as to any of his federal claims." Coleman, 501 U.S. at 731 (citing Ex parte Royall, 117 U.S. at 241; Lundy, 455 U.S. at 509; Castille, 489 U.S. at 346; and 28 U.S.C. § 2254(b)).

As Respondents assert, and Petitioner does not dispute, the claim Petitioner presents in his habeas petition has not been exhausted in the state courts. When Petitioner has exhausted his state court remedies then he is free to re-file his habeas petition in this Court. However, we emphasize that Petitioner must exercise diligence as he still must comply with the timeliness requirements of the AEDPA. For now, however, Petitioner's habeas petition must be dismissed without prejudice.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Alonzo Kemp (ECF No. 4) be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 5, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge